# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

THEOTIS TUCK,                                    Civil Action No. 1:07-cv-496
      Petitioner,

                                            Spiegel, J.
      vs.                                          Black, M.J.

MARK SAUNDERS, WARDEN,                           **REPORT AND**
      Respondent.                              **RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This case is before the Court upon the petition (Doc. 3) and respondent's return of writ and exhibits thereto (Doc. 8).

## I.  PROCEDURAL HISTORY

### State Court Trial Proceedings

On November 12, 2004, petitioner was indicted by the Hamilton County Ohio Grand Jury and charged with one count of burglary. (Doc. 8, Exh. 1).  Petitioner, through counsel, entered a plea of not guilty.

On December 14, 2004, January 5, 2005, January 18, 2005, February 7, 2005, and February 23, 2005, counsel for petitioner moved for case continuances which were granted by the trial court. (Doc. 8, Exh. 2).  Each of the five Entries of Continuance indicate that the continuance was made "at the request of the Defendant" for the reason that "defendant waives time." *Id.*  No other reason was given for the continuances. *Id.*

On February 28, 2005, petitioner filed a *pro se* motion to dismiss on the basis of a speedy trial violation. (Doc. 8, Exh. 3).  On March 22, 2005, petitioner's motion to dismiss was overruled after a hearing before the trial court. (Doc. 8, Exh. 4; Exh. 25 at Tr. 1-28).  That same

day, petitioner's original trial attorney withdrew representation, new counsel was appointed, and another continuance granted at the request of petitioner who signed the Entry. (Doc. 8, Exhs. 5, 6).

On April 1, 2005, petitioner, through his new counsel, filed a motion to reconsider the denial of his motion to dismiss. (Doc. 8, Exh. 7). A hearing was conducted and the motion for reconsideration was denied on the record. (Doc. 8, Exh. 25, Tr. 41). That same day, petitioner requested and signed off on a continuance of the trial until April 19, 2005. (Doc. 8, Exh. 8). On April 15, 2005, petitioner filed a second *pro se* motion to dismiss. (Doc. 8, Exh. 9). Petitioner argued his speedy trial rights were violated and that his previous counsel had requested the continuances without his consent. *Id.*

On April 19, 2005, the court continued petitioner's jury trial until June 13, 2005 due to a scheduling conflict with a pending capital murder case. (Doc. 8, Exh. 10). On May 23, 2005, petitioner filed a *pro se* "motion to dismiss judge" on the ground that the judge granted the five continuances without his knowledge or consent. (Doc. 8, Exh. 11). Petitioner's second motion to dismiss and "motion to dismiss judge" were denied by the trial court. (Doc. 8, Exhs. 12, 13).

On June 13, 2005, petitioner withdrew his plea of not guilty and entered a plea of no contest to one count of burglary. (Doc. 8, Exh. 14). Petitioner was found guilty as charged and sentenced to a term of five years imprisonment. (Doc. 8, Exhs. 15, 16, 17).

**Direct Appeal**

Petitioner, through new counsel, filed a timely appeal to the First District Court of Appeals, Hamilton County, Ohio. Petitioner presented three assignments of error:

2

1. The trial court erred to the prejudice of Defendant-Appellant by violating his right to a speedy trial.

2. The trial court erred by overruling Defendant-Appellant's motion to dismiss for a violation of his speedy trial rights.

3. Defendant-Appellant was denied the effective assistance of counsel.

(Doc. 8, Exh. 18). On September 13, 2006, the Ohio Court of Appeals affirmed the judgment of

the trial court. (Doc. 8, Exh. 20).

Petitioner, through the same counsel, timely appealed to the Supreme Court of Ohio and

asserted the following propositions of law:

I. A defendant cannot be found to have waived his speedy trial rights when defense counsel requests repeated continuances without the consent or knowledge of the defendant.

II. A defendant is denied effective assistance of counsel when his counsel waives a constitutional right without the knowledge or consent of the client.

(Doc. 8, Exh. 21). On February 7, 2007, the Supreme Court of Ohio declined jurisdiction and

dismissed the case because it did not involve any substantial constitutional question. (Doc. 8,

Exh. 23).

## Federal Habeas Corpus

On July 2, 2007, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus in

this Court. (Doc. 3). The petition sets forth three grounds for relief:

**GROUND ONE**: My constitutional right to a speedy trial was violated when counsel repeatedly requested continuances which exceeded the speedy trial limitations and the continuances were not for trial preparation. She got (5) continuances.

**GROUND TWO**: When trial court overruled my motions to dismiss for violations of my right to a speedy trial three times, I told the trial court three times that my

3

constitutional rights to a speedy trial were violated and asked for the case to be dismissed on February 28, 2005, April 1, 2005 and April 15, 2005.

**GROUND THREE**: I was denied the effective assistance of counsel when my court-appointed counsel signed my time waiver (signing that I waive my right to a speedy trial). I never approved the waiver or asked about the continuances.

(Doc. 3).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of a state court are entitled to a

presumption of correctness in the absence of clear and convincing evidence to the contrary. 28

U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*,

267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless

those decisions are contrary to or an unreasonable application of clearly established federal law.

*Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132,

110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim

adjudicated on the merits in state court unless the adjudication either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the

4

'unreasonable application' clause if the state court correctly identifies the governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

## III. PETITIONER'S SPEEDY TRIAL CLAIMS ARE WITHOUT MERIT.

Petitioner's First and Second Grounds for relief assert that his speedy trial rights were violated when his trial counsel requested continuances without his consent and the trial court thereafter refused to dismiss his case. Respondent contends that these two grounds for relief are procedurally defaulted and waived because petitioner failed to fairly present his federal constitutional speedy trial claims to the Ohio courts. In the alternative, respondent argues these claims are without merit.

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state

5

courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state court of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.*; *Franklin,* 811 F.2d at 326. The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. "While a petitioner need not cite chapter and verse of constitutional law, general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated." *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (internal citations and quotations omitted). Generally, a claim is not fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such

6

as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

In the instant action, petitioner fairly presented his federal speedy trial claim to the state courts. Contrary to respondent's contention, petitioner's speedy trial claim was not based solely on an alleged violation of the Ohio Speedy Trial Act, Ohio Rev. Code § 2945.71 *et seq.* Rather, petitioner's appellate briefs explicitly raised a federal Sixth Amendment claim that his speedy trial rights were violated:

> The Sixth Amendment to the United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * * " The United States Supreme Court has held that this right is applicable to state criminal trials under the Fourteenth Amendment. See *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988. The Ohio Constitution provides similar protection. See Section 10, Article I, Ohio Constitution.

(Doc. 8, Exh. 18 at 2, Exh. 21 at 3). Petitioner's appellate briefs also cited to Supreme Court of Ohio cases employing a federal constitutional analysis. (Doc. 8, Exh. 18 at 2, Exh. 21 at 3, citing *State v. Davis*, 46 Ohio St.2d 444, 349 N.E.2d 315 (1976); *State v. Singer*, 50 Ohio St.2d 103, 362 N.E.2d 1216 (1977)).

This is not a case where petitioner made a "mere mention of the Constitution" as respondent contends. (Doc. 8 at 10). Rather, he cited to the specific federal constitutional provision upon which he now relies in his federal habeas corpus petition, that is, the Sixth Amendment right to speedy trial, as well as to United State Supreme Court precedent on the claim. In *Baldwin,* the United States Supreme Court explained that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim

7

'federal.'" 541 U.S. at 32. This is precisely what petitioner did in this case. Because petitioner's

legal theories were not predicated solely on state statutory law and fairly raised a Sixth

Amendment speedy trial claim, the Ohio courts were placed on notice of a specific federal

constitutional claim. *See Franklin,* 811 F.2d at 326. Therefore, respondent's contention that

petitioner procedurally defaulted his first two grounds for relief is not well-taken.

Nevertheless, in reviewing the merits of the claim, the Court determines that petitioner's

federal constitutional right to a speedy trial was not violated in this case.

As the only state court to issue a reasoned decision addressing the merits of this claim, the

Ohio Court of Appeals made the following findings of fact[1] and ruled in relevant part as follows:

> [Petitioner] contends that the trial court should have dismissed the
> indictment because he was not brought to trial on the burglary charge within
> ninety days of his arrest, during which time he was continuously held in jail in lieu
> of bail. See R.C. 2945.71(C)(2) and (E). In support of his claim, he challenges
> the validity of the time waivers contained in five entries reflecting five
> continuances granted by the trial court between December 10, 2005, and March
> 22, 2005. . . Although Tuck did not sign any of the five entries of continuance,
> each was signed by his court-appointed counsel and expressly stated that the
> continuance was at the request of the defendant.

> It has long been settled that a defendant's right to be tried within the time
> limits prescribed in R.C. 2945.71 may be waived by counsel for reasons of trial
> preparation, even when the entry waiving time has been executed by counsel
> without the defendant's consent. See *State v. McBreen* (1978), 54 Ohio St.2d
> 315, 376 N.E.2d 593, syllabus; see, also, *State v. King,* 70 Ohio St.3d 158, 160,
> 1994-Ohio-412, 637 N.E.2d 903. Although all the entries in this case stated that
> the case was being continued to a future date certain for either a plea, for a trial
> setting, or for a jury trial, Tuck argues, without citing authority, that the reason the
> case was continued had to also be stated in each entry.

> The trial court conducted a hearing on both Tuck's pro se motion to

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence
of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo,* 365 F.3d 487, 493-94
(6th Cir. 2004).

dismiss and the motion for reconsideration that was filed by new counsel appointed by the trial court after it granted Tuck's original counsel leave to withdraw. At the hearing on Tuck's initial pro se motion, his original counsel summarized in detail why the continuances were related to her trial preparation and plea negotiations on behalf of Tuck. Her testimony was corroborated by her memorandum to the assistant prosecutor, dated February 25, 2005, in which she explained that on January 18, 2005, she had met with the arresting officer to try to obtain his agreement to a two- or three-year sentence. She indicated that Tuck had been unwilling to accept the state's plea offer and that she would need the state to formally respond to her requests for discovery and for a bill of particulars, as the trial date was March 22, 2005. On the same day as the memorandum, the state responded to counsel's request for discovery and a bill of particulars. Counsel advised the prosecutor that Tuck had told her "that he may be filing a Motion to Dismiss pro se under speedy trial rules," although she had informed him that "several of the continuances were ours."

Because the record amply demonstrates that counsel's reasons for each continuance between December 10, 2004, and March 22, 2005, were legitimately for the purpose of trial preparation and plea negotiations, we overrule Tuck's firs and second assignments of error.

(Doc. 8, Exh..20 at 2-3).

The Ohio Court of Appeals' decision was based entirely on state statutory requirements and considerations. This Court must defer to and is bound by the state court's ruling that Ohio's speedy trial statute was not violated in this case. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Warner v. Zent,* 997 F.2d 116, 133 (6th Cir. 1993) (absent a showing of "extreme circumstances where it appears that the [state court's] interpretation of [state law] is an obvious subterfuge to evade consideration of a federal issue," the federal habeas court is bound by the state court's determination of state law) (quoting *Mullaney v. Wilbur,* 421 U.S. 684, 690-91 (1975)), *cert. denied,* 510 U.S. 1073 (1994). Moreover, a violation of the state speedy trial statute does not present a constitutional claim. *See Hutchison v. Marshall,* 744 F.2d 44, 45-47

9

(6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Norris v. Schotten,* 146 F.3d 314, 329 (6th Cir.1998), *cert. denied,* 525 U.S. 935 (1998). Thus, to the extent that petitioner alleges a violation of the Ohio Speedy Trial Act, his claim raises an issue of state law only that is not cognizable in this federal habeas corpus proceeding. 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). This Court may review petitioner's claim only to the extent he contends he was denied his right to a speedy trial guaranteed by the Sixth Amendment of the United States Constitution.

As discussed above, the deferential standard of review set forth in 28 U.S.C. § 2254(d) must be applied on federal habeas corpus review of constitutional claims that have been adjudicated by the state courts. However, by its terms, this provision only applies to claims that were "adjudicated on the merits in State court proceedings." *Clinkscale v. Carter,* 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir. 2003)), *cert. denied,* 125 S.Ct. 1316 (2005). In cases such as this, where the state court analyzed the claim solely in terms of state law and failed to take into consideration the federal constitutional issues raised, the federal court conducts a *de novo* review, instead of applying the deferential standard of review set forth in § 2254(d). *Id.*; *Maples,* 340 F.3d at 436-37; *see also Towns v. Smith,* 395 F.3d 251, 257 (6th Cir. 2005).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This constitutionally-guaranteed right to a speedy trial is considered "fundamental" and is applicable to state criminal proceedings through the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S. 213, 226 (1967); *Cain v. Smith,* 686 F.2d 374, 380 (6th Cir. 1982).

10

The Supreme Court has stated that the Sixth Amendment's speedy trial guarantee is "an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Marion,* 404 U.S. 307, 320 (1971). Its protections are triggered by either the issuance of "a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *Id.* They do not extend to the period prior to the issuance of the formal charge or arrest. *Id.* at 321-22 & n.13.

"On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an 'accused' for any reason at all." *Doggett v. United States,* 505 U.S. 647, 651 (1992). However, the Supreme Court has recognized the constitutional right to a speedy trial permits some delays; is "necessarily relative," depending on the circumstances of each case; and cannot "be quantified into a specified number of days or months." *Barker v. Wingo,* 407 U.S. 514, 521-23 (1972).

In *Barker,* the Supreme Court established a balancing test, in which the conduct of both the prosecution and the defendant are weighed, to assess whether a speedy trial violation has occurred based on the length of delay between the date of indictment or arrest (whichever is earlier) and the date of trial. *Id.* at 530; *see also Marion,* 404 U.S. at 320-21; *Cain,* 686 F.2d at 381 (and Supreme Court cases cited therein). The following four factors are to be considered under this balancing test: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Barker,* 407 U.S. at 530; *see also Doggett,* 505 U.S. at 651.

11

"[T]o trigger a speedy trial analysis" under this four-factor balancing test, the defendant first must demonstrate that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett,* 505 U.S. at 651-52; *Barker,* 407 U.S. at 530. "The length of the delay is a threshold requirement. If the length of the delay is not 'uncommonly long,' then judicial examination ends." *Maples v. Stegall,* 427 F.3d 1020, 1025 -1026 (6th Cir. 2005) (quoting *Doggett,* 505 U.S. at 652). While delays approaching one year are considered presumptively prejudicial depending on the seriousness of the charge, *Doggett,* 505 U.S. at 652, n. 1; *Maples,* 427 F.3d at 1026, those of a lesser duration are not per se excessive. *See United States v. White,* 985 F.2d 271, 275 (6th Cir. 1993) (six-and-one-half month delay not presumptively prejudicial). *See also United States v. Howard,* 218 F.3d 556, 564 (6th Cir. 2000) (delay of five months no per se excessive); *Wilcher v. Rose,* 85 F.3d 630 (6th Cir. 1996) (unpublished), 1996 WL 262951, *1 (ten and one half months not presumptively prejudicial); *Hogan v. McBride,* 74 F.3d 144, 145 (7th Cir. 1996) (eight month delay between charge and trial not presumptively prejudicial).

In this case, petitioner was formally indicted on November 12, 2004. His withdrawal of his not guilty plea and entry of no contest plea occurred seven months later on June 13, 2005. In determining the length of the delay, only the periods of delay attributable to the government or court are counted. *See U.S. v. Howard,* 218 F.3d 556, 564 (6th Cir. 2000) (citing *Barker,* 407 U.S. at 529; *White,* 985 F.2d at 275). Petitioner does not dispute that on March 22, 2005, he requested and was granted a continuance until April 1, 2005. (Doc. 8, Exhs. 6). On April 1, 2005, petitioner, through his new counsel, again requested and signed off on a continuance of the trial until April 19, 2005. (Doc. 8, Exh. 8). Therefore, the period of delay between March 22,

12

2005 and April 19, 2005, which is solely attributable to petitioner, is not counted toward the length of delay. The resultant delay is a period of six months or 185 days (213 days between the formal burglary charge and petitioner's no contest plea on that charge less 28 days attributable to petitioner). Since a delay of six months is not presumptively prejudicial, *White*, 985 F.2d at 275, petitioner's Sixth Amendment speedy trial claim necessarily fails. *Maples*, 427 F.3d at 1025-1026.

An examination of the remaining *Barker* factors further demonstrates no federal constitutional speedy trial violation in this case. The second *Barker* factor, the reason for the delay, weighs against petitioner. It is undisputed that the delay in this case was caused by petitioner's counsel's requests for continuances between December 10, 2004, and March 22, 2005. The Ohio Court of Appeals found that the five continuances requested by counsel for petitioner were legitimately for the purpose of trial preparation and plea negotiations. These findings of fact are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). Petitioner has presented no clear and convincing evidence to rebut the presumption that counsel's requests for continuances were based on reasonable concerns or considerations of trial preparation. Therefore, the Court concludes that the second factor of the *Barker* test weighs strongly in the State's favor.

With respect to the third factor, petitioner repeatedly asserted his right to a speedy trial and moved to dismiss the indictment based on speedy trial violations. Petitioner persistently asserted his right to a speedy trial at all stages of this case. *See Howard*, 218 F.3d at 564. The third factor weighs in petitioner's favor.

Finally, under the fourth *Barker* factor, the court must assess the degree of prejudice to

13

petitioner in light of the interests that the speedy trial right was designed to protect. *Barker,* 407 U.S. at 532. Those interests are: (1) to prevent oppressive pretrial incarceration; (2) to minimize the anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired by dimming memories and the loss of exculpatory evidence caused by the long delay. *Id.; see also Doggett,* 505 U.S. at 654. Of these concerns, the most serious is the possibility that the defense will be impaired, because the inability of a defendant adequately to prepare a defense undermines the fairness of the entire system. *Barker,* 407 U.S. at 532.

Here, petitioner has failed to allege or show that the six month delay between his indictment and plea impaired his ability to prepare a defense or caused him to suffer undue anxiety or concern.

Accordingly, upon balancing the four *Barker* factors, this Court concludes petitioner was not denied his Sixth Amendment right to a speedy trial. Petitioner, therefore, is not entitled to habeas corpus relief based on the constitutional claim alleged in Grounds One and Two of the petition.

## IV. PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS WITHOUT MERIT.

Petitioner's Third Ground for relief asserts that trial counsel was ineffective by waiving his speedy trial rights without his knowledge or consent.

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687

14

(1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *Id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Under the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id.* at 694.

In the instant case, the Ohio Court of Appeals overruled petitioner's ineffective assistance of counsel claim, finding that petitioner failed to demonstrate that his counsel's performance was objectively unreasonable. (Doc. 8, Exh. 20 at 4). As the Court of Appeals previously found, counsel's reasons for requesting continuances between December 2004 and March 2005 were for the legitimate purposes of trial preparation and plea negotiations.

Moreover, petitioner has failed to establish any prejudice as a result of counsel's performance. In determining whether petitioner was prejudiced by his counsel's alleged ineffective assistance, the Court must review the merits of petitioner's underlying speedy trial claim. *Maples*, 427 F.3d at 1025. Since the Ohio Court of Appeals and this Court have determined that petitioner's speedy trial claim lacks merit, petitioner cannot establish that defense counsel was ineffective under the standard set forth in *Strickland*.

The Court cannot conclude that the state court applied *Strickland* in an objectively unreasonable manner when it rejected petitioner's ineffective assistance of counsel claim. Accordingly, habeas relief is not warranted on the Third Ground for relief.

15

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/6/08
Ki

Timothy S. Black
United States Magistrate Judge

16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

THEOTIS TUCK,                                        Civil Action No. 1:07-cv-496
     Petitioner,

                                                    Spiegel, J.
     vs.                                         Black, M.J.

MARK SAUNDERS, WARDEN,
     Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).