UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THEOTIS TUCK,  :
: NO. 1:07-CV-00496
    Petitioner, :
:
:
  v. : **OPINION AND ORDER**
:
:
MARK SAUNDERS, WARDEN, :
:
    Respondent. :

       This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus be denied (doc. 9). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

       On June 11, 2007, pro se Petitioner Theotis Tuck, an inmate at the Southeastern Correctional Institution in Lancaster, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Id.). Petitioner pled three grounds for relief; grounds one and two alleging his speedy trial rights were violated when his trial counsel requested continuances without his consent and the trial court thereafter refused to dismiss his case, and ground three alleging that trial counsel was ineffective by waiving his speedy trial rights without his knowledge or consent (doc. 3).

       In the Report and Recommendation, the Magistrate Judge considered each of Petitioner's arguments, and found each to be

without merit (doc. 9).  First, the Magistrate Judge evaluated Petitioner's first and second grounds for relief, that his Sixth Amendment right to a speedy trial was violated, under the balancing test established by the Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 521-23 (1972), and concluded that Petitioner's right was not violated.  Second, the Magistrate Judge considered Petitioner's third ground for relief, that trial counsel was ineffective, pursuant to the standard in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and concluded that the state court did not apply <u>Strickland</u> in an objectively unreasonable manner when it rejected Petitioner's ineffective assistance of counsel claim (doc. 9).  The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  <u>See</u> <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter <u>de</u> <u>novo</u> pursuant to 28 U.S.C.

§ 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 9) in its entirety, and therefore DENIES Petitioner's writ of habeas corpus (doc. 3).  Because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on his claims, the Court DOES NOT issue a certificate of appealability in this case. See 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).  Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.

       SO ORDERED.


Dated: July 1, 2008        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge